IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM MYERS, <br> 57 Shavers Fork Lane <br> Arbovale, WV 24915 <br>             Plaintiff <br> <br> v. <br> <br> THE HARTFORD LIFE AND <br> ACCIDENT INSURANCE <br> COMPANY <br> 1515 Market Street <br> Philadelphia, PA 19102 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : NO.: |

## COMPLAINT

NOW COMES, the Plaintiff, William Myers, by and through his Counsel, Pond, Lehocky, LLP, and hereby complains of the above referenced Defendant, The Hartford Life and Accident Insurance Company, (hereinafter referred to as " The Hartford"), as follows:

**I.     STATEMENT OF JURISDICTION:**

1.    Jurisdiction is conferred upon this Honorable Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e). This Honorable Court has jurisdiction over all issues raising a federal question and this instant matter involves a disability policy issued to the Claimant through his Employer, thus it is governed by the Employee Retirement Income Security Act of 1974 (ERISA) 29 U.S.C. § 1011, et seq.

2.    All acts and occurrences material to the instant causes of action occurred

within the jurisdictional boundaries of this Honorable Court.

## II.    FACTS:

3. The Plaintiff, William Myers, is an adult and competent individual with a physical address of 57 Shavers Fork Lane, Arbovale, WV 24915.

4. The Defendant, The Hartford, under information and belief, is a business entity with a principal place of business located at 1515 Market Street, Philadelphia, 19102 with a corporate headquarters 1 Hartford Plaza, Hartford, CT 06155.

5. The Hartford is a business entity, which issues disability insurance policies which are governed by the Employee Retirement Insurance Security Act (ERISA), 29 U.S.C. §1011, et seq.

6. On a date certain, The Hartford, issued a policy providing disability insurance benefits under policy number GLT044310 to the Plaintiff through the Plaintiff's employer, Peter Kiewit Sons', Inc.

7. The policy of insurance aforementioned provided for an employee benefit plan as defined and covered under the terms of ERISA.

8. At all times material and relevant hereto, all policy premiums due on behalf of the Plaintiff under said policy were paid.

9. At all times material and relevant hereto, the Plaintiff performed all obligations required of him under said contract of insurance.

10. At all times material and relevant hereto, the Plaintiff was a qualified

participant in the employee benefit plan provided by The Hartford to the Plaintiff's employer through policy number GLT044310.

11. On a date certain, the Plaintiff filed an application for long term disability benefits with The Hartford.

12. By correspondence dated January 5, 2010, The Hartford notified the Plaintiff that his claim was denied as they determined that they were unable approve the Plaintiff's claim. They indicated the Plaintiff's disability beginning on July 20, 2019 was related to a Pre-existing condition, which was Malignant Neoplasm of the Upper Lobe, Left Bronchus or Lung.

13. The Plaintiff filed an administrative appeal and submitted additional medical records showing that he suffered from multiple medical conditions beyond those excluded by the Pre-existing condition clause to the policy.

14. By correspondence dated July 26, 2021, the Hartford denied the Plaintiff's administrative appeal and advised him that he could pursue a civil action.

15. The Hartford acted arbitrarily, capriciously, in a manner serving only its own business interest and in direct violation of ERISA when it denied the Plaintiff's claim for disability benefits and failed to properly consider all of the Plaintiff's medical conditions which would prevent him from performing his regular occupation.

16. The actions of The Hartford in failure to issue a decision on the merits

was arbitrary, capricious and was not made in good faith and made in violation of 29 U.S.C. §1001, et seq. .

17. The actions of The Hartford in failing to properly evaluate the Plaintiff's claim for disability insurance benefits in a timely fashion and with the information available to it are contrary to the language of the policy in question.

18. The Plaintiff is entitled to disability insurance benefits under the aforementioned policy as he has satisfied through medical evidence that he meets the definition of disability and provided sufficient proof of loss to the Hartford.

19. The Plaintiff is entitled to recover the benefits due to him under the aforementioned insurance policy in accordance with 29 U.S.C. §1132.

20. As a direct and proximate result of the actions of The Hartford as herein above more particularly described, the Plaintiff has been caused to incur attorneys' fees in an amount not yet known.

21. As a direct and proximate result of the actions of The Hartford, the Plaintiff has sustained damages in an amount not yet known to the Plaintiff; however, upon information and belief, such damages will approximate the amount of benefits due and owing to the Plaintiff.

WHEREFORE, the Plaintiff, William Myers, respectfully requests that judgment be entered against The Hartford as follows:

1. Ordering The Hartford to pay to the Plaintiff, William Myers, long term disability insurance benefits from his alleged onset date of disability, July 19, 2019 to the present and continuing into the future as provided for in the policy of insurance;

2. Awarding the Plaintiff, William Myers, prejudgment interest on the award until the date of judgment;

3. Awarding the Plaintiff's attorney's fees, court costs and other reasonable costs incurred for the prosecution of the instant action;

4. Granting such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

BY: /s/ Michael J. Parker
Michael J. Parker, Esquire
PA Bar ID No.: 93024

Pond, Lehocky, Stern & Giordano, P.C.
One Commerce Square
2005 Market Street
18th Floor
Philadelphia, PA 19103

(215)568-7500
Mparker@disabilityjustice.com